UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK MILLER, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL GILLESPIE;  BRUCE ANDERSON;  GAIL ZIMMERMAN; KIRBY PUTSCHER; RON WEAVER; BERNIE KOPFER; BRUCE MIYAHARA; ERIC HANSEN; CONNIE GLASGOW; BECKY PETERSON; SUE SHOBLOM; PAT COLLINS; and THE WASHINGTON BOARD OF DENTURE TECHNOLOGY; <br><br> Defendants. | CASE NO. C06-751RSM <br><br> ORDER ON MOTION FOR SUMMARY JUDGMENT |

In 1994, Washington voters approved Initiative 607 ("I-607"), allowing denturists (health care workers who make and fit dentures) to practice independently. The initiative, as now codified, sets standards for licensing of denturists, and creates a Board of Denture Technology to determine the qualifications of persons applying for a license. RCW 18.30.005 *et seq.* Plaintiff Rick Miller has filed this complaint for damages under 42 U.S.C. § 1983, asserting that defendants have denied him due process and equal protection of the laws by denying him a license to practice as a denturist. He names as defendants several members of the Washington State Board of Denture Technology, and the Board itself.

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 1

This matter is now before the Court for consideration of defendants' motion for summary judgment, Dkt. # 19. Plaintiff has opposed the motion. The Court has fully considered the parties' memoranda and attached exhibits, and deems oral argument on the motion unnecessary. For the reasons set forth below, the motion shall be granted.

## BACKGROUND AND PROCEDURAL HISTORY

### I. Motion to Strike

As an initial matter, the Court must address the motion to strike raised by defendants in their reply brief, Dkt. # 36. Defendants have asked the Court to strike certain of plaintiff's unsupported factual allegations, together with Exhibits B, E, F, G and H attached to the Declaration of Darryl Parker; the Declaration of Pedro Solo; and portions of Paragraphs 3, 5, and 6 of the Declaration of Rick Miller, together with Exhibit B to that Declaration. Defendants assert lack of foundation, lack of personal knowledge, hearsay, and other bases as reasons for striking the identified statements and exhibits. Plaintiff has not opposed the motion to strike in any way. The motion to strike (Dkt. # 36) is accordingly GRANTED, and the identified portions of plaintiff's opposition memorandum and attached exhibits are hereby STRICKEN.

### II. Procedural History

The parties are familiar with the lengthy procedural history, and the Court will only summarize it here. For this purpose, the Court adopts the procedural history as stated in the administrative record by the Board of Denture Technology. In this recitation, plaintiff is referred to as the Respondent.

> In April 1995, the Respondent applied for a license to practice as a Denturist in the state of Washington. The Respondent sought licensure through the endorsement process, based on his being licensed as a Denturist by the Nooksack Tribal Authority on the Nooksack reservation.
>
> On July 12, 1995, the Department[1] notified the Respondent by letter, stating his application was incomplete. On October 19, 1995, the Respondent contacted the Department by letter indicating it had failed to respond to his attempts to contact it. The Respondent also appealed the Department's action. The Department indicated that it had contacted the Respondent by letter in June 1995, but could not produce a copy of that letter. The Department denied the Respondent's application for licensure by endorsement, and the Respondent appealed that

---

[1] The Washington State Department of Health Board of Denture Technology

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 2

decision.

The Department conducted a brief adjudicative proceeding (BAP) to address the Respondent's appeal. On February 5, 1997, the Department's Presiding Officer issued an order denying the Respondent's application for licensure by endorsement. The Respondent appealed the BAP decision n February 17, 1998. The Respondent claimed he made a telephone request a year earlier, an assertion the Department denied. However, Senior Health Law Judge Eric B. Schmidt accepted the Respondent's appeal request.

On August 19, 1998, Judge Schmidt issued his order upholding the Department's decision. Judge Schmidt held the Respondent's application was incomplete because the Nooksack Tribal Authority's verification was not notarized. Additionally, Judge Schmidt, based on language in an appellant court decision, held that practitioners in federal enclaves were not eligible for license by endorsement. On reconsideration Judge Schmidt removed the federal enclave language from the decision.

The Respondent submitted, among other pleadings, a one-page summary judgment motion to superior court. The motion included an incomplete record of the administrative proceedings. The superior court ruled on this motion, and rejected the Department's request to convert the proceeding to an administrative appeal with the complete administrative record. The trial court determined Judge Schmidt erred on several grounds and ruled the Respondent was entitled to a temporary license to practice as a Denturist. The Department moved for an order to stay the superior court ruling pending appeal. The Court of Appeals stayed the order until the appeal was resolved.

The Court of Appeals directed the Board to submit the administrative record to allow a review of the case as an appeal of the administrative decision. The Court of Appeals held:

> . . . [W]e interpret this case under the law as passed in Initiative 607 and codified in the laws of 1995, chapter 1. Under section 10 of Initiative 607, the Secretary of the Department of Health shall issue a license to an applicant who: (1) is currently licensed to practice denturism in a federal enclave; (2) the federal enclave maintains standards of practice substantially equivalent to those in Initiative 607; (3) the applicant provides proof of successfully passing both written and clinical examinations; (4) the applicant provides an affidavit from the federal enclave attesting to the applicant's licensure or certification.

The Court of Appeals concluded the Nooksack Reservation was a federal enclave, and resolved the factual issues in (1), (3), and (4) in favor of the Respondent. The Court of Appeals remanded issue (2) to the Board "for a determination of whether the *practice* standards of the Nooksack Reservation are substantially equivalent to those of Initiative 607". (Emphasis added).

On or about May 10, 2001, the matter was assigned to the Presiding Officer from Senior Health Law Judge Eric Schmidt, pursuant to RCW 34.05.425(7) and (8). The Presiding Officer contacted the parties and scheduled a prehearing conference for August 10, 2001, and a hearing date for September 6, 2001. Several continuances were authorized, and the hearing was eventually scheduled for December 7, 2001.

On December 7, 2001, prior to the hearing, the Presiding Officer conducted oral argument on the Respondent's motion to disqualify several named Board members. The Presiding Officer interviewed the three Board members identified in the Respondent's motion *in*

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 3

> *camera*. The Presiding Officer disqualified Val Charron from serving on the hearing panel. The parties were then permitted to question Board members Michael Gillespie and Bruce Anderson on the record. Following questioning by the parties, the Presiding Officer did not disqualify Mr. Gillespie and Mr. Anderson from serving on the panel. The Board began hearing the matter on December 7, 2001. The Board determined a second hearing date would need to be scheduled.
>
> After the initial hearing date additional continuances were granted at the requests of the parties, or by the Presiding Officer, to allow for the preparation of, and issuance of further evidentiary rulings on exhibits being offered in this case. A further continuance was granted to the Respondent to allow his newly retained counsel (William A. Gilbert) to familiarize himself with the file. A subsequent continuance was granted so the parties could determine whether the matter could be resolved by mediation. Brian C. Balch, Attorney at Law, replaced William A. Gilbert as counsel for the Respondent prior to the continuation of the hearing on January 24, 2003.
>
> On January 24, 2003, the Board completed hearing this matter. The board scheduled deliberations for March 13-14, 2003, to allow the board time to receive and review the hearing transcript and the exhibits. The board began deliberations on March 13, 20003, and completed deliberations on March 14, 2003.

State of Washington Department of Health, Board of Denture Technology, Findings of Fact and Conclusions of Law, found at Exhibit 28, Declaration of Kim O'Neal (citations to record omitted).

In an Order dated May 29, 2003, Board chairman Michael Gillespie ruled that the practice standards of the Nooksack Tribe are not substantially equivalent to those set in Initiative 607. Plaintiff's application for licensure was accordingly denied. *Id*., p. 23. Plaintiff then filed a petition for review in the Thurston County Superior Court, as provided in the Washington Administrative Procedure Act, RCW 34.05.542. Declaration of Kim O'Neal, Exhibit 29. Plaintiff asserted in his petition for review that the hearing procedure utilized by the Board was unlawful and unconstitutional, and that the Board's Order violated his constitutional rights to due process and equal protection. *Id*., p.3-4. On February 24, 2004, after considering the petition for review, the administrative record, and the parties' memoranda, the Superior Court affirmed the Order of the Board and denied the petition for review. Declaration of Kim O'Neal, Exhibit 33. The court specifically found that the Order did not violate plaintiff's right to due process or equal protection. *Id.*

Plaintiff did not appeal that ruling in state court. Instead, more than two years later, he has filed a civil rights complaint in this Court, asserting that the actions of the Board denied him due process and equal protection, in violation of the Fourteenth Amendment. Complaint, ¶¶ 21, 24. He also alleges that

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 4

the defendants conspired to deprive him of his constitutional rights. Complaint, ¶ 27. Defendants have moved for summary judgment as to all claims, asserting that this Court lacks jurisdiction to consider them under the *Rooker-Feldman* doctrine, and that the claims are barred under Washington law of issue preclusion. Defendants also assert that the defendants are immune from suit under the Eleventh Amendment and the doctrines of judicial immunity and qualified immunity. The Court does not reach the immunity defenses, as defendants are entitled to summary judgment on the *Rooker-Feldman* and preclusion grounds asserted.

DISCUSSION

I. *Rooker-Feldman* Doctrine

Defendants have asserted the *Rooker-Feldman* doctrine as a basis for summary judgment and dismissal of all claims in this suit. The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments. *Henrichs v. Valley View Development*, 474 F. 3d 609, 613 (9th Cir. 2007); *citing Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 406 U.S. 462 (1983). Thus, federal district courts are precluded from reversing or modifying a state court judgment on the merits where the issues decided in the state court are "inextricably intertwined" with the issues before the federal court. *Rooker,* 263 U.S. 413; *Feldman*, 460 U.S. 462.

This doctrine is based "on the statutory proposition that federal district courts are courts of original, not appellate, jurisdiction. *See*, 28 U.S.C. §§ 1331, 1332. Therefore, federal courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *In re Sasson*, 424 F. 3d 864, 871 (9th Cir. 2005); *citing Worldwide Church of God v. McNair*, 805 F. 2d 888, 890 (9th Cir. 1986). The *Rooker-Feldman* doctrine precludes federal adjudication of what would amount to a *de facto* appeal or an impermissible collateral attack upon a state court judgment. *Ignacio v. Judges of the Court of Appeals for the Ninth Circuit*, 453 F. 3d 1160, 1165 (9th Cir. 2006). Application of the doctrine is limited to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 5

of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries,* 544 U.S. 280, 284 (2005). However, the doctrine does not preclude all overlap between state and federal proceedings. As the Ninth Circuit Court of Appeals recently explained,

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel v. Hall*, 341 F. 3d 1148, 1164 (9th Cir. 2003).

> *Rooker-Feldman* does not override or supplant issue and claim preclusion doctrines. *Henrichs*, 474 F. 3d at 613; *citing Exxon Mobil*, 544 U.S. at 284.
>
> The doctrine applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court. Preclusion, not *Rooker-Feldman*, applies when " 'a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify.'"

*Id.* at 613-614 (citations omitted).

Plaintiff, in opposing summary judgment, argues that defendants have confused the *Rooker-Feldman* doctrine with the law of claim preclusion. He asserts that the doctrine "does not apply to deprive federal courts of jurisdiction to hear federal constitutional claims against adverse parties when those claims do not involve direct challenges to state court judgments." Plaintiff's Response, Dkt. # 32, p. 11; *citing Manufactured Home Communities , Inc., v. City of San Jose*, 420 F. 3d 1022, 1029 (9th Cir. 2005).

Here, the named defendants are not simply "adverse parties," they are members of the very tribunal whose judgment caused the injuries of which plaintiff complains, and they have been sued in that capacity. Indeed, defendant Michael Gillespie wrote the Findings of Fact, Conclusions of Law, and Final Order of the Board. Declaration of Kim O'Neal, Exhibit 28. Plaintiff seeks as relief a declaration that "the acts, policies, and practices" of the defendant Board members violated his constitutional rights, together with a grant by this Court of the license to practice as a denturist that was denied him in the proceedings before the Board, and an injunction against the Board members to prohibit them from interfering with his right to practice denturism. Complaint, p. 7. This complaint, and the relief sought,

ORDER ON MOTIONS FOR SUMMARY JUDGMENT - 6

fall within the realm of the *Rooker-Feldman* doctrine, whose "distinctive role" in the federal system was described by the *Noel* court:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.

*Noel*, 341 F. 3d at 1164.  Indeed, since the Board both promulgated the standards for qualifying to practice for denturists, and then applied those rules, application of *Rooker-Feldman* is particularly appropriate here:

> As a practical matter, the "inextricably intertwined" test of *Feldman* is likely to apply primarily in cases in which the state court both promulgates and applies the rule at issue—that is, to the category of cases in which the local court has acted in both a legislative and a judicial capacity—and in which the loser in state court later challenges in federal court both the rule and its application.

*Id.* at 1158.

Plaintiff's three claims—denial of due process and equal protection, together with conspiracy to deny him those constitutional rights, all arise directly from the decision of the defendant Board and its members.  Plaintiff asserts that the Board's decision was erroneous, and he seeks relief from the final Order which denied him a denturist license, together with monetary damages for the constitutional injury and loss of economic opportunity.  The Board is a tribunal created by state law, and appeal may be taken from its decisions to the state courts under the Washington Administrative Procedure Act.  RCW 34.05.510 *et. seq*.  The Board may thus be considered a "state court" for the purposes of applying the *Rooker-Feldman* doctrine.  Under that doctrine, as set forth above, this Court lacks subject matter jurisdiction to consider plaintiff's claims.

II. Issue Preclusion

Defendants have also moved for summary judgment on the basis that plaintiff's claims are barred under Washington law of issue preclusion.  The Court shall address this assertion as an alternative basis for granting summary judgment to defendants.

This Court must give the same preclusive effect to a state court judgment that the judgment would be given in the state courts. *Migra v. Warren City School District Board of Education,* 465 U.S.

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 7

75, 83 (1984). The Washington Supreme Court explains the law of preclusion as follows:

> Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties. 14A Karl B. Tegland, Washington Practice, *Civil Procedure* § 35.32, at 475 (1st ed.2003) (hereafter Tegland, *Civil Procedure* ). It is distinguished from claim preclusion " 'in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of *issues* between the parties, even though a different claim or cause of action is asserted.' " *Rains v. State*, 100 Wash. 2d 660, 665 (1983) (emphasis added) (quoting *Seattle-First national Bank v. Kawachi*, 91 Wash. 2d 223, 225-26 (1978). . . . Claim preclusion, also called res judicata, "is intended to prevent relitigation of an entire cause of action and collateral estoppel is intended to prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation." *Luisi Truck Lines, Inc., v. Washington Utilities and Transportation Commission*, 72 Wash. 2d 887, 894 (1967).

*Christensen v. Grant County Hospital District No. 1*, 152 Wash. 2d 299, 306 (some internal citations omitted). The purpose of the doctrine is to promote judicial economy and prevent inconvenience or harassment of parties. *Id*. Collateral estoppel provides for finality in adjudications. *Id*. at 307.

Collateral estoppel may be applied to preclude only those issues that have actually been litigated and finally determined in the earlier proceeding. *Id*. The opposing party must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *Id*. The party seeking application of the doctrine must establish that

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Id*., citing *Reninger v. Department of Corrections*, 134 Wash. 2d 437, 449 (1998).

Both state and federal courts have applied collateral estoppel where an issue was adjudicated by an administrative agency in the earlier proceeding. *Id*., citing *University of Tennessee v. Elliot*, 478 U.S. 788 (1986). Under Washington law, the Court must consider three additional factors before collateral estoppel may be applied to agency findings: (1) whether the agency acted within its competence, (2) the differences between procedures in the administrative proceeding and court procedures, and (3) public policy considerations. *Id*., citing *Reninger*, 134 Wash. 2d at 450.

Defendants contend that issue preclusion applies here because plaintiff's constitutional claims were fully litigated between these parties, and were finally decided by the Thurston County Superior

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 8

Court. That court specifically found that the Final Order of the Board does not violate the requirements of due process or equal protection. Declaration of Kim O'Neal, Exhibit 33.

Plaintiff argues that this order should not be given preclusive effect because it did not decide his federal constitutional claims, and because it was an agency determination which must meet the three additional requirements set forth above. Neither argument has merit. The order of the Thurston County Superior Court was a judicial determination, not an agency proceeding. Plaintiff had a full and fair opportunity to litigate his constitutional claims in his petition for review, and he did in fact present his constitutional claims in great depth. Declaration of Kim O'Neal, Exhibits 29, 30, 32. As to the actual claims presented, plaintiff presented and argued his constitutional claims under both the Washington Constitution and the Constitution of the United States. *See*, Petitioner's Opening Brief, Exhibit 30, p.5; Petitioner's Reply Brief, Exhibit 32, p. 4. The order of the Thurston County Superior Court thus decided plaintiff's federal constitutional claims, and he may not re-litigate them here.

## CONCLUSION

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotres Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

There are no factual issues in dispute, and defendants have demonstrated that they are entitled to judgment as a matter of law. As set forth above, the Court finds that under the *Rooker-Feldman* doctrine, it lacks jurisdiction to consider plaintiff's claims, because the injuries of which he complains arise from the proceedings before the Board, whose members he has named as defendants here.

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 9

1  Plaintiff's suit against the Board and its members is an impermissible *de facto* appeal of the Board's Final
2  Order, and this Court is precluded from reversing or modifying that Order.
3       Further, the Court has determined that if even if it did have jurisdiction to consider plaintiff's
4  claims, those claims are barred by the law of issue preclusion.[2]  The constitutional claims which plaintiff
5  seeks to present here were fully considered by the Thurston County Superior Court, and were found to
6  be meritless.  It would violate established principles of repose and finality to allow plaintiff to re-litigate
7  those claims here.  *Christensen,* 152 Wash. 2d at 307.
8       Defendants' motion for summary judgment (Dkt. # 19) is accordingly GRANTED, and this action
9  is hereby DISMISSED.
10      Dated this 3rd day of August, 2007.

                        RICARDO S. MARTINEZ
                        UNITED STATES DISTRICT JUDGE

---

[2] Although plaintiff's conspiracy claim was not previously litigated, the superior court's ruling that plaintiff's constitutional rights were not violated necessarily means that he has no basis for a conspiracy claim.

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT - 10